

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 9, 1990

Honorable Mark W. Stiles          Opinion No. JM-1205
Chairman
Committee on County Affairs       Re:   Whether a taxing unit
Texas House of Representatives    is required to pay interest
P. O. Box 2910                    on refunds made on or after
Austin, Texas    78768-2910       June 15, 1989   (RQ-1894)

Dear Representative Stiles:

     Chapter 42 of the Tax Code grants aggrieved taxpayers a right of judicial review by a district court of certain orders issued by either appraisal review boards or the State Property Tax Board.  Subchapter C of chapter 42 sets forth post-appeal administrative procedures to be taken by taxing units in instances in which a court orders a change in the taxable value of a taxpayer's property.  Section 42.43 of the Tax Code governs the granting of refunds to a taxpayer in instances in which a court has ordered a reduction in the taxable value of that taxpayer's property.

     Section 42.43 of the code was amended by the 70th and 71st Legislatures to require that interest at a specified rate be included in addition to the refunded taxes.  You ask about the latter amendment.  Section 42.43 of the Tax Code provides the following:

>      (a)  If the final determination of an appeal that decreases a property owner's tax liability occurs after the property owner has paid his taxes, the taxing unit shall refund to the property owner the difference between the amount of taxes paid and amount of taxes for which the property owner is liable.

>      (b)  For a refund made under this section because an exemption under Section 11.20 that was denied by the chief appraiser or appraisal review board is granted, the taxing unit shall include with the refund interest on the amount refunded calculated at an

> annual rate of 10  percent from the date  the amount refunded  was  paid  by  the  property owner until  the date  the refund  is  made.[1] <u>For any other refund made under this section, the taxing unit shall include with the refund interest on the amount refunded at an  annual rate of  eight percent,  calculated from  the delinquency date for the taxes until the date the refund is made.</u>[2]  (Emphasis and footnotes added.)

Acts 1989, 71st Leg., ch. 496, § 46, at 3605-6  (hereinafter House Bill 432).

You inform us of the following:

> It has  come  to my  attention  that  some local taxing units are questioning their duty to pay interest on  refunds that result  from taxpayer lawsuits  that were  pending on  the amendment's effective date.  Also, issues are being raised as to interest calculations when

---

1.    Section 11.20 of the Tax Code permits an exemption from ad valorem taxation  for religious organizations.  You have not asked, and therefore we have not addressed, whether according different taxpayers different rates of interest on tax refunds is constitutional.

2.    When the Tax Code was originally enacted,  section 42.43 of the Tax  Code required a taxing  unit to refund  ad valorem taxes  in an  instance  in which  a court  orders  a reduction  in  the  appraised value  of  the  that  owner's property; no mention was made regarding the inclusion of any interest.  Acts 1979, 66th Leg., ch. 841, § 1, at 2313.  The 70th Legislature amended  section 42.43 of  the code by  the inclusion of subsection  (b), requiring for  the first  time that  a  taxing  unit  include,  with  the  refunded  taxes, interest at  a  specified  rate in  instances  in  which  an exemption permitted  under section  11.20  of the  code  was improperly denied.  Acts 1987, 70th  Leg., ch. 640, § 4,  at 2438.  The  71st Legislature  amended the  section again  to require inclusion of  interest at  a specified  rate in  all other instances  in  which  a  refund  is  made  under  that section.  Acts 1989, 71st Leg., ch. 796, § 46, at 3605-6.

> a taxpayer lawsuit involves more than a single tax year.

Accordingly, you ask two questions about the proper construction of the 1989 amendments.

Your first question is:

> Does Section 42.43(b), as amended above, require taxing units to pay interest on refunds that are paid on or after June 15, 1989, regardless of whether the lawsuit giving rise to the refund was filed before, on, or after that date?

The answer to your first question is set forth in the bill enacting the amendment. Section 49 of House Bill 432 provides:

> (a) This Act takes effect September 1, 1989, except that:
>
> . . . .
>
> (2) this section, <u>Sections</u> 3, 17, 30, 31, 32, 33, 42, 43, 44, 45, and <u>46</u> of this Act, take effect immediately.
>
> . . . .
>
> (<u>1</u>) The change in law made by Sections 30 and 46 of this Act <u>applies only to a refund paid on or after the effective date of this Act</u>. (Emphasis added.)

By the very terms of the above underscored language, it is clear that the legislature intended that the 1989 amendment to section 42.43 reach all refunds <u>paid</u> after the effective date of the act, without regard to the date on which any lawsuit was filed. Nothing in either the text of the amendment, the bill containing the amendment, or the legislative history of the bill supports the proposition that the date on which a lawsuit is filed triggers the application of the bill.

Your second question is:

> For lawsuits that involve more than one tax year, does Section 42.43(b), as amended above, require interest to be calculated separately for each tax year involved in the litigation?

In order to clarify the nature of your second question, we set forth an example of the proper application of the section. Assume that a taxpayer has challenged the appraised value of his residential property for the tax years 1986 and 1987. Assume further that on July 14, 1989, a court orders a reduction in the appraised value of the taxpayer's property that results in a refund of taxes of $100 for the 1986 tax year and $200 for the 1987 tax year. Assume further that the defendant taxing unit refunds the taxes on August 1, 1989. The formula for calculating the interest for the 1986 refund is: $100 X .08 (interest rate) X 3.5 (years since delinquency date)[3] = $28.00. The formula for calculating the interest for the 1987 refund is: $200 X .08 X 2.5 = $68.00. The total amount of interest due is $96.00.

It should be clear from the example above that the interest for each tax year must be calculated separately. Because the amount of the interest is the product of the tax refunded multiplied by a specified percentage, calculated "from the delinquency date for the taxes until the refund is made," the interest for each tax year must be calculated separately. Tax Code § 42.43(b) (emphasis added). Therefore, we answer your second question in the affirmative.

### S U M M A R Y

> Section 42.43 of the Tax Code requires a taxing unit to pay interest on refunds of taxes that are paid on or after June 15, 1989, regardless of whether the lawsuit giving rise to the refund was filed before, on, or after that date. Because the formula for calculating the interest requires the

---

3. See chapter 31 of the Tax Code for provisions concerning payment due dates.

amount of the tax refund to be multiplied by a specified percentage calculated from the delinquency date for that tax until the date the refund is made, the interest must be calculated for each year separately.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General